UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| BRIAN M. BRIC | ] | |
| --- | --- | --- |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | NO. 3:17-cv-0379 |
| | ] | JUDGE CRENSHAW |
| SHERIFF OF HUMPHREYS COUNTY, | ] | |
| et al.[1] | ] | |
| Defendants. | ] | |

## **M E M O R A N D U M**

The Plaintiff, proceeding *pro se*, is a pre-trial detainee at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the unnamed Sheriff of Humphreys County and four John Doe deputies under his command, seeking injunctive relief and damages.

In November, 2015, the Plaintiff was arrested by members of the Humphreys County Sheriff's Department. During the arrest, the Plaintiff claims that he was shot and wounded three times as he attempted to surrender to the police. The Plaintiff further claims that, as he lay on the ground, a deputy kicked him in the face, shattering his cheekbone. The Plaintiff believes that the officers used excessive force to arrest him.

The Complaint arrived in the Clerk's Office on February 22, 2017. The Plaintiff's claims arose when he was arrested on November 13, 2015. Thus, it appears that this action is time-barred

---

[1] The Plaintiff has not named anyone specifically as a defendant in the Complaint. However, in his Motion (Doc. No. 3) for the appointment of counsel, the Plaintiff states "I do not know who to list as the defendants at this time." He does later acknowledge that he will name the Sheriff of Humphreys County and at least four John Doe deputies as defendants.

1

by the one year statute of limitations imposed upon civil rights claims brought in Tennessee. Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir.1997). Nothing in the Complaint suggests that the statute should be tolled so as to permit the untimely filing of the Complaint.

The Court, therefore, concludes that the Plaintiff has failed to state a claim upon which relief can be granted because this action is untimely. Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir.2001)(*sua sponte* dismissal of an untimely prisoner complaint is appropriate). Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE